The **LIBERTY GROUP, INC.,** et al.,

v.

**73 INDIA STREET ASSOCIATES,** et al.

Supreme Judicial Court of Maine.

Argued March 14, 1994.

Decided June 6, 1994.

---

Michael Kaplan (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for plaintiffs.

John C. Lightbody (orally), Elaine L. Clark, Murray, Plumb & Murray, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and RUDMAN, JJ., and COLLINS, A.R.J.[*]

ROBERTS, Justice.

The Liberty Group, Inc., Michael Liberty, and David Cope (the Liberty parties) appeal from a judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) after a nonjury trial, holding them liable for fifty percent of the obligations of 73 India Street Associates (the Partnership). The Liberty parties argue that (1) the court's factual finding that they were members of the Partnership was clearly erroneous, (2) the court erred by failing to make findings of fact pursuant to M.R.Civ.P. 52(a), and (3) the court erred by failing to rule on their affirmative defense of unclean hands. In their cross-appeal, David Cook and Richard Cook argue that the court's determination of the Partnership's obligations was erroneous. Finding no error, we affirm the judgment.

■ We will not overturn a trial court's findings of fact unless they are clearly erroneous. *Morin Bldg. Prods. Co. v. Atlantic Design & Constr. Co.*, 615 A.2d 239, 241 (Me.1992). "A factual determination is clearly erroneous if not supported by competent evidence in the record." *Id.* The Liberty parties argue that the evidence in this record does not support the court's finding that they were members of the Partnership. We disagree.

In their amended complaint the Liberty parties allege that they entered into the 73 India Street partnership with the Cooks for the purpose of "managing and developing a parcel of property ... located at 73 India Street, Portland, Maine." A 1987 letter agreement, signed by the Liberty parties, provided that they "would be partners ... in owning the property" and would have a fifty percent interest. The 1987–90 tax returns for the Partnership list the Liberty parties as partners. Moreover, the Liberty parties advanced $200,000 to the Partnership "for payment of partnership obligations." In light of this evidence, the trial court's finding was not clearly erroneous. *See Dalton v. Austin*, 432 A.2d 774, 777 (Me.1981) ("Evidence relevant to the existence of a partnership includes evidence of a voluntary contract between two persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business with the understanding that a community of profits will be shared.").

The Liberty parties also argue that the trial court erred by failing to make specific findings of fact pursuant to M.R.Civ.P. 52(a). Because the Liberty parties failed within five days to request such findings, they cannot assign error to the court's decision not to make them. *Cf. McAfee v. Cole*, 637 A.2d 463, 467 (Me.1994) (by failing to file motion to amend complaint, party did not preserve issue for appeal).

■ Finally, the Liberty parties argue that the trial court erred by failing to rule on their affirmative defense of unclean hands. We disagree. By entering a judgment in favor of the Cooks, the trial court necessarily ruled on, and rejected, the Liberty parties' affirmative defense. Based on our review of the record, we conclude that the court acted within its discretion in doing so. *See Hamm v. Hamm*, 584 A.2d 59, 62 (Me.1990) ("Application of the clean hands doctrine is within the sound discretion of the court.").

[*] Justice Collins sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

In their cross-appeal the Cooks assert that the Partnership had agreed to make interest payments to a related entity, Allied Construction Company. In light of this agreement, the Cooks argue that the court clearly erred in excluding the interest from the Partnership's obligations. We disagree. The record is devoid of any evidence that the parties agreed to pay interest to Allied, and the court did not err in excluding it. *Cf. Currier v. Cyr*, 570 A.2d 1205, 1210 (Me. 1990) (damages award will not be disturbed on appeal unless it is, *inter alia*, "reached under a mistake of law or in disregard of the facts").

The entry is:

Judgment affirmed.

All concurring.