1998 ME 268

**ESTATE OF Ruth E. DINEEN.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1998.

Decided Dec. 14, 1998.

[redacted]

Susan J. Parcels (orally) Portland, for the appellant.

Dennis J. O'Donovan (orally) McCandless, Epstein & O'Donovan, L.L.P., Portland, for the appellant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

DANA, J.

[¶ 1] James M. Dineen appeals from the judgment entered in the Probate Court (York County, *Nadeau, J.*) denying a motion to recuse and imposing sanctions pursuant to M.R. Prob. P. 11 and M.R. Civ. P. 11.[1] Di-

---

1. M.R. Prob. P. 11 states that "Rule 11 of the Maine Rules of Civil Procedure governs procedure in civil proceedings in the Probate Courts." M.R. Civ. P. 11 provides in pertinent part that:

 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.... If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a repre-

neen argues that the judge was not impartial and that the court abused its discretion by imposing Rule 11 sanctions without first providing notice that he might and by imposing inappropriate sanctions. We affirm the judgment.

[¶ 2] Following the intestate death of their mother, Ruth E. Dineen, on December 23, 1995, Dineen began to contest every aspect of her estate in the York County Probate Court. Marie T. Dineen, Dineen's sister, was the only other heir. In May of 1997, Marie filed a request for attorney fees and costs. In September, just as the Probate Court was about to appoint a personal representative and rule on Marie's attorney fees petition, James filed the first of several motions to recuse the Probate Judge. The Probate Court denied the motion, appointed Richard P. LeBlanc, Esq. as personal representative, and deferred ruling on the fees petition. Among other papers filed between September and February, James filed the following: a motion for stay of proceedings to enforce judgment and a motion for additional and/or amended findings of fact and conclusions of law on October 9; a motion to dismiss or, in the alternative, to bifurcate hearing on October 14; a motion to allow inspection of file and reinforced motion for continuance on October 31; a motion for continuance on November 10; a motion to vacate, rescind and set aside judgment on November 21; a request for sanctions and costs, a motion for enlargement of time, and a notice of appeal on November 24; a notice of appeal on January 12, 1998; and a second motion to recuse on February 20.

[¶ 3] The court consolidated Marie's attorney fees request with her motion for an assessment of legal fees against James Dineen's share of the estate, granted a motion by James Dineen to reschedule the hearing, and set the hearing date on the attorney fees issues for February 23, 1998. The court considered the second motion to recuse at the February 23 hearing and therefore, did not reach the attorney fees issues. Throughout this hearing, Dineen acted belligerently toward the court, the register of probate, and opposing counsel.

[¶ 4] On February 24, the register of probate issued a notice that the Probate Court would resume the hearing on the motion to recuse on March 2, 1998. The notice also stated that the court would consider the initiation of contempt proceedings against Dineen as a result of his behavior at the February 23 hearing. At the March hearing, the court only allowed the parties to respond to the court's questions with an affirmative or negative answer.

[¶ 5] The Probate Court denied the motion to recuse. It decided not to initiate contempt proceedings against Dineen, after he apologized for his conduct. The court imposed sanctions on Dineen, pursuant to M.R. Prob. P. 11 and M.R. Civ. P. 11, because it found that all the motions filed by Dineen following the court's September 25 order:

> with the possible exception of his pending contest of his sister's requests for awards of attorney's fees, have lacked good grounds to support them and have been filed and pursued in bad faith and for the purpose of delay, in clear violation of [M.R. Civ. P. 11].

The court ordered Dineen to pay (1) to Marie Dineen, the reasonable attorney fees that she incurred by responding to James Dineen's frivolous motions as well as $400 to compensate her for her participation in the September hearing during which the court considered James Dineen's original frivolous recusal request; (2) to Marie Dineen, her share of expenses for any penalties assessed by the tax authorities on the estate that resulted from the delay in the settlement of the estate caused by James Dineen's dilatory tactics; (3) to the York County Probate Court, the costs that it incurred to obtain an expedited transcript of the proceedings held on February 23, so that it could decide quickly whether to institute summary contempt proceedings; and (4) to the York County Probate Court, a sanction of $750 to deter future frivolous conduct by James Di-

---

sented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the

reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee.

neen. The court also scheduled a hearing for March 30 to review, *inter alia*, the reasonableness of the attorney fees awarded.

[¶ 6] The personal representative made a distribution payment to each of the heirs on March 4 of $24,000. He paid out of James Dineen's distribution amount, $1,090 to the Probate Curt and $22,297 to Marie Dineen's counsel based on a summary bill that Marie Dineen's counsel submitted for attorney fees including the $400 that the court specifically awarded.

[¶ 7] On March 18, James Dineen filed a motion to alter and/or amend the judgment and a motion for additional and/or amended findings of fact and conclusions of law. On March 30, he filed an additional motion to recuse. On March 31, the Probate Court denied these motions. This appeal followed.

## I. MOTION TO RECUSE

[¶ 8] Dineen contends that the Probate Court judge erred in failing to grant the motions to recuse because the judge's decisions on previous motions and the court's knowledge of complaints filed against him by Dineen with the Committee on Judicial Responsibility & Disability compromised his impartiality. Recusal is a matter within the broad discretion of the trial court. *Estate of Tingley*, 610 A.2d 266, 267 (Me.1992); *Wood v. Wood*, 602 A.2d 672, 674 (Me.1992). Accordingly, we review the denial of a motion to recuse for an abuse of discretion. *Estate of Tingley*, 610 A.2d at 267; *Brendla v. Acheson*, 554 A.2d 798, 799 (Me.1989).

[¶ 9] Based on the record before us, we discern no abuse of the judge's discretion in declining to disqualify himself. As we recently observed, "information gained or opinions formed by a trial judge based on events or facts presented in the same or other judicial proceedings do not constitute a basis for recusal except in the extraordinary circumstances that demonstrate a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *State v. Boyce*, 1998 ME 219, ¶ 8, 718 A.2d 1097, 1100 (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Dineen has not demonstrated any such circumstances here.

## II. M.R. CIV. P. 11

[¶ 10] Dineen contends that the court erred in finding that he violated M.R. Civ. P. 11 and in not providing him with notice before it imposed sanctions. We review a court's imposition of sanctions pursuant to M.R. Civ. P. 11 for an abuse of discretion. *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.C.*, 1998 ME 210, ¶ 10 n. 9, 718 A.2d 186, 190; *Fraser Employees Fed. Credit Union v. Labbe*, 1998 ME 71, ¶ 8, 708 A.2d 1027, 1029–30.

[¶ 11] The Probate Court did not abuse its discretion in sanctioning Dineen. It was not required to provide Dineen with notice before it imposed sanctions pursuant to M.R. Civ. P. 11. The court found that all the motions that Dineen filed after the September 25 order, except one, were interposed solely for the purpose of delaying the proceedings. In addition, it expressly found that Dineen filed the second motion to recuse to attempt to create a situation in which the judge would no longer be able to act impartially and failed to cite any substantiated fact requiring disqualification. The court acted well within the bounds of its broad discretion by imposing sanctions on Dineen.

[¶ 12] Dineen argues that the Probate Court imposed excessive sanctions pursuant to M.R. Civ. P. 11 based on its conclusions that Dineen's motions were interposed for delay. Specifically, he challenges the award of reasonable attorney fees to Marie Dineen, the order to pay any tax fines incurred as a result of the delay in settling the estate, and the order to pay the expedited transcript costs.

[¶ 13] The court did not abuse its discretion in awarding attorney fees to Marie Dineen. The court limited its award of attorney fees to those fees incurred as a result of the improper pleadings and motions that Dineen filed. The court was not required to prevent the personal representative from paying the Probate Court or Marie Dineen's counsel out of the March 4 distribution payment to James Dineen. M.R. Prob. P. 62

(providing judgment in a formal probate proceeding is not stayed in the period after its entry and until an appeal is taken, unless the court directs otherwise). In addition, the court ordered a hearing to review the reasonableness of the attorney fees requested. Nothing in the record before us indicates that the court did not make such a review or found the fees were unreasonable.

 [¶ 14] The court also did not abuse its discretion in ordering Dineen to pay all tax fines incurred by the estate as a result of the delay in settling the estate or the expedited transcript costs. The court ordered Dineen to pay only those tax fines that resulted from Dineen's improper dilatory tactics. The expedited transcript of the February 23 hearing provided the court with evidence of Dineen's motive to delay by filing the motions to recuse. Thus, these sanctions are related directly to the Rule 11 violations that Dineen committed and are within the cope of sanctions that Rule 11 authorizes the court to impose. *Fraser Employees Fed. Credit Union*, 1998 ME 71, ¶ 9, 708 A.2d at 1030 (holding Rule 11 authorizes imposition of an "appropriate sanction," and does not limit sanctions to reimbursement of attorney fees or expenses incurred as a result of improper pleadings).

The entry is:

Judgment affirmed.

