STATE OF MAINE

CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND AND
CLERK'S OFFICE

2006 FEB 28 A 8: 31

RAC-CUM-6

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-05-214

JOSEPH STENDIG, ET AL,                      *
                                            *
                        Plaintiff           *
        v.                                  *
                                            *        **ORDER**
                                            *
GAIL LIBERTY, ET AL,                        *
                                            *
                        Defendant           *


This case comes before the Court on Plaintiffs Joseph Stendig and Lola Lea's Motion for Summary Judgment and Rule 11 Sanctions.

## FACTUAL BACKGROUND

On or about January 23, 1999, Mr. Stendig and Lola Lea (Plaintiffs) loaned $150,000 to the Libertys (Defendants). Defendants then executed a promissory note promising to repay the loan and to repay interest at a rate of 14% annum by January 23, 1998. Over the years, Plaintiffs extended the deadline for the payment of the note. The final deadline was January 2004. During this time, Defendants continued paying the interest on the note. After Defendants failed to make payment by that date, Plaintiffs began this action.

Plaintiffs' motion for summary judgment seeks full payment of the promissory note with interest to be calculated from January, 2004. Because the Defendants did not file an opposing statement of material facts, the Court will consider only the facts asserted by Plaintiffs in their statement of material facts.

## DISCUSSION

a.    Summary Judgment

In a motion for summary judgment, the Superior Court must examine the evidence in the light most favorable to the nonmoving party to determine whether the parties' statements of material facts and record citations reveal a genuine issue of material fact. *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380. In doing so, the Court accepts as true all uncontroverted facts in the record. *Boston & Me. Corp. v. State Tax Assessor*, 2005 ME 114, ¶ 8, 884 A.2d 1165.

Defendants oppose this motion arguing that there is a genuine issue of material fact as to whether Plaintiffs waived their right to enforce the note because they waited seven years after the due date of the note. Defendants, however, did not file a statement of material facts controverting Plaintiffs' statement of material fact, paragraph 3, which asserts, "plaintiffs extended the due date of the Note and defendants paid the stipulated interest until January 2004." (Pl. SMF ¶ 3). Because Plaintiffs' statement of material facts, including paragraph 3, was not properly controverted pursuant to M.R. Civ. P. 56, the Court accepts it as true. The promissory note was extended until January 2004. As such, Defendants are responsible for full payment of the note.

b.    Rule 11

Plaintiffs seek an award of sanctions pursuant to M.R. Civ. P. 11 based on Defendants' Answer to Plaintiffs' Complaint. Specifically, Plaintiffs claim that Defendants did not have a good faith belief in their complete denial of the material allegations in Plaintiffs' Complaint, including Defendants' receipt of the loan from Plaintiffs. Rule 11 of the Maine Civil Rules of Procedure requires that all pleadings must be signed certifying "that to the best of the signer's

2

knowledge, information, and belief there is good ground to support it." Where no good ground exists to support the pleading, Rule 11 allows the court to impose an appropriate sanction. *Pepperell Trust*, 1998 ME 46, ¶ 10, 708 A.2d 651, 654.

The Law Court has upheld awards of sanctions where litigants filed motions solely for the purpose of delaying the proceedings. *Fraser Empolyees Fed. Credit Union v. Labbe*, 1998 ME 71, ¶¶ 8-9, 708 A.2d 1027, 1030 (sanctions were warranted where the party's 23 affirmative defenses and 11 counterclaims lacked supporting evidence and were filed to delay a foreclosure proceeding); *Estate of Dineen*, 1998 ME 268, ¶11, 721 A.2d 185, 188 (Me. 1998). Sanctions have also been upheld when a litigant had no good ground to support its claim of a superior security interest. *Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 12, 708 A.2d 651, 654-55.

In this case, Defendants have only acted in defense of Plaintiffs claim by filing an Answer and a meager opposition to Plaintiffs' motion for summary judgment. In contrast to the cases cited above, Defendants have not instituted numerous affirmative defenses or counterclaims in a blatant attempt to delay the proceedings. Rather, Defendants have merely mounted a defense by filing an Answer, as required by M.R. Civ. P. 12(a). Defendants' actions in denying the material allegations of Plaintiffs' Compliant does not rise to the level of "bad faith" contemplated by Rule 11 sanctions.

The entry is:

Plaintiffs' motion for summary judgment is GRANTED. Defendants are responsible for full payment of the promissory note with interest to be calculated from January 23, 2004.

3

Plaintiff's Rule 11 motion for sanctions is DENIED.

DATE: _February 28, 2006_

Roland A. Cole
Justice, Superior Court

F COURTS
and County
Box 287
ne 04112-0287

LOLA LEA ESQ
72 ARNOLD ROAD
FREEPORT ME 04032

F COURTS
and County
Box 287
ne 04112-0287

HOLLY RUSSELL ESQ
PO BOX 9546
PORTLAND ME 04112