STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-11-073

JOHN HILLS, d/b/a
Glenwood Building &
Remodeling,

            Plaintiff
     v.                                 ORDER ON PLAINTIFF JOHN
                                        HILLS'S MOTION FOR
                                        SUMMARY JUDGMENT
FREDERICK K. POULIN,
et al.

            Defendants


Before the court is the plaintiff's motion for summary judgment on defendants'

counterclaim and the plaintiff's motion for sanctions pursuant to M.R. Civ. P. 11. The

defendants did not respond to the plaintiff's motion. For the following reasons, the

plaintiff's motion for summary judgment is granted and the motion for sanctions is

granted.

BACKGROUND

The following facts are taken from the plaintiff's undisputed statement of

material facts.[1] On November 16, 2009, Frederick Poulin filed a complaint against the

John Hills in the U.S. District Court for the District of Maine. (S.M.F. ¶ 1.; Hills Aff. Ex.

A.) On May 13, 2010, John Hills filed an answer, a counterclaim against Frederick

---

[1] The defendants failed to respond to the plaintiff's motion and statement of material facts. The court deems the facts admitted. Once a properly supported motion is filed, the party opposing a summary judgment must establish a prima facie case for each element of that party's cause of action in order to avoid a summary judgment. Watt v. Unifirst Corp., 2009 ME 47, ¶ 21, 969 A.2d 897, 902. "Failure to properly respond to a statement of material facts permits a court to deem admitted any statements not properly denied or controverted." Dyer v. Dep't of Transp., 2008 ME 106, ¶ 15, 951 A.2d 821, 825-26; M.R. Civ. P. 56(h)(4).

1

Poulin, and a third-party complaint against Susan Poulin. (S.M.F. ¶ 2; Hills Aff. Ex. B.) With her answer, Susan Poulin filed a counterclaim against the John Hills. (S.M.F. ¶ 3; Hills Aff. Ex. C.) On October 21, 2010, the District Court granted summary judgment in favor of the John Hills on the Poulins' claims under the Maine Unfair Trade Practices Act (UTPA) in Frederick Poulin's complaint and Susan Poulin's counterclaim. (S.M.F. ¶ 4; Hills Aff. Ex. D.)

The District Court granted summary judgment in favor of John Hills on the Poulins' claim under the UTPA because they did not lose "money or property, real or personal." Poulin v. Thomas Agency, Docket No. 09-cv-575-GZS at 11 (D. Me. Oct. 21, 2010); see 5 M.R.S. § 213(1). Relying on state law, the District Court found that the Poulins' alleged losses, including the money spent to bring the suit, the speculative harm in a decreased credit score and potential window replacement, and emotional distress damages were not recoverable under the UTPA. Id. at 10-11.

John Hills filed a four-count complaint in this court against Frederick and Susan Poulin and alleges breach of contract in count I, unjust enrichment in count II, quantum meruit in count III, and violation of the construction contracts act in count IV. The Poulins filed a counterclaim and allege violations of the UTPA. The counterclaim contains the same allegations the Poulins brought unsuccessfully in federal court. (S.M.F. ¶ 9.)

DISCUSSION

"The doctrine of res judicata, 'designed to ensure that the same matter will not be litigated more than once,' has two components: collateral estoppel, also known as issue preclusion, and claim preclusion." Kurtz & Perry, P.A. v. Emerson, 2010 ME 107, ¶ 16, 8 A.3d 677, 680-81 (quoting Macomber v. MacQuinn-Tweedie, 2003 ME 121, ¶ 22, 834 A.2d 131, 138). '"Claim preclusion prevents relitigation if: (1) the same parties or their

privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action."' Portland Water Dist. v. Town of Standish, 2008 ME 23, ¶ 8, 940 A.2d 1097, 1099 (quoting Macomber, 2003 ME 121, ¶ 22, 834 A.2d at 139 (quotation marks omitted)).

Summary judgment should be granted if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). There is no question that the same parties are involved in both the federal action and this action. Further, this case and the prior federal court complaint contain identical issues. Finally, there was a final judgment on the UTPA claim in federal court. Accordingly, the defendants' counterclaim is barred by res judicata.[2]

The plaintiff also requests that the court impose sanctions on the defendants for bringing this counterclaim. Rule 11 states, in pertinent part:

> The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay ... If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee.

M.R. Civ. P. 11(a); see Fraser Employees Fed. Credit Union v. Labbe, 1998 ME 71, ¶¶ 8-9, 708 A.2d 1027, 1029-30 (sanctions were warranted pursuant to Rule 11 where the

---

[2] The only additional damages alleged by the defendants in this action are the costs of defending this state court action, the costs awarded to the plaintiff in the federal court action, and alleged emotional distress damages. (S.M.F. ¶¶ 11, 14; Rielly Aff. Exs. A & B.) The costs of the suit are not damages under the UPTA. See Bartner v. Carter, 405 A.2d 194, 201 (Me. 1979) ("To avoid discouragement of such consumers by the expense of litigation, they were given the right, under the conditions specified in section 213, to the award of costs and reasonable attorneys' fees."). Additionally, there is no recovery for emotional distress under the UTPA. In re Hannaford Bros. Co., 660 F. Supp. 2d 94, 102 (D. Me. 2009) (quoting Bartner, 405 A.2d at 203).

party's 23 affirmative defenses and 11 counterclaim counts lacked supporting evidence and were filed solely to delay a foreclosure proceeding); Pepperell Trust Co. v. Mountain Heir Fin. Corp., 1998 ME 46, ¶ 12, 708 A.2d 651, 654-55 (sanctions are appropriate where there is no good ground to support a claim of a superior security interest); Estate of Dineen, 1998 ME 268, ¶ 11, 721 A.2d 185, 188 (Me. 1998) (sanctions appropriate where motions were filed solely for the purpose of delaying the proceedings).

In this case, the federal court decision made clear that the damages sought by the defendants in their counterclaim are not available under the UTPA. Poulin v. Thomas Agency, Docket No. 09-cv-575-GZS at 11; (S.M.F. ¶¶ 9-16; Rielly Aff. Exs. A & B.) Because the defendants filed no response to the motion for sanctions, the record does not contain a description of any knowledge, information, and belief that provided a good ground to support their counterclaim.

The entry is

> The Plaintiff's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of the Plaintiff John Hills, d/b/a Glenwood Building & Remodeling, and against the Defendants Frederick Poulin and Susan Poulin on the Defendants' Counterclaim.
>
> The Plaintiff's Motion for Sanctions is GRANTED. Sanctions of $350.00 will be paid by the Defendants to the Plaintiff by July 22, 2011.

Date: June 28, 2011

Nancy Mills
Justice, Superior Court

4

| Date Filed | Action | | Answer Due Date: | | Docket No. |
|---|---|---|---|---|---|
| 02-22-11 | CONTRACT | | 3-21-11 | | CV-11-73 |

| Scheduling Order Issued: | Discovery Deadline: | Jury ☐ Fee Pd. ☐ Non-Jury ☐ | Statement Filed: Order to File Statement: | Length of Trial: | Rule 16(b) ☐ Rule 16(c) ☐ | Pre Trial Issued: |
|---|---|---|---|---|---|---|
| 4-13-11 | 12-13-11 | | | | | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| *report 8-23-11* *Statement 12-28-11* JOHN HILLS | ✓ FREDERICK K POULIN - *served 3 7 11* ✓ SUSAN POULIN *served 3 7 11* |

vs.

| Plaintiff's Attorney(s) | Defendant's Attorney(s) |
|---|---|
| BRENDAN P RIELLY ESQ | J. SCOTT LOGAN ESQ - OBO BOTH DEFENDANTS |

| Date | Justice | Action and Comments | Est Time | Not Reached | Cont |
|---|---|---|---|---|---|
| 3/25/11 | BOTH DEFS' | ANSWER/AFFIRMATIVE DEFENSES & COUNTERCLAIMS FILED | | | |
| 4-7-11 | | John Hills mgd. SJ on counter claim | | | |