MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2014 ME 118
Docket:        Lin-14-85
Submitted
 On Briefs:    September 23, 2014
Decided:       October 30, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and
               HJELM, JJ.

ANTHONY J. TUELL

v.

JANICE I. NICHOLSON

HJELM, J.

[¶1]  Janice I. Nicholson appeals from a post-judgment order entered by the District Court (Wiscasset, *Ende, J.*) denying her motion "to enforce and clarify" the judgment and ordering her to pay attorney fees as a sanction for filing that motion, which the court found to be frivolous.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Nicholson and Anthony J. Tuell, who are parents of a minor child, were divorced in 2006.  The divorce judgment adopted their agreement to share parental rights and responsibilities, including shared primary physical residence of their child in Maine.  In 2010, after Nicholson relocated to North Carolina to start a new job, she and Tuell litigated the issue of whether their child's primary physical residence would be in Maine or North Carolina.  In March 2011, following a

2

contested hearing, the court (*Tucker, J.*) issued a written order providing that the child was to live primarily in Maine with Tuell. The court ordered Nicholson to pay child support to Tuell, but provided that her child support obligation would be reduced by the total amount of the child's documented travel expenses for contact with Nicholson, which the court implied would be borne by Nicholson.

[¶3] In response, Nicholson filed a motion for findings of fact and conclusions of law, citing both M.R. Civ. P. 52 and M.R. Civ. P. 59 in the title. In her motion, Nicholson focused on the issue of primary physical residence, but she also stated, "The Court did not provide a credit for any alleged arrearage for travel Ms. Nicholson made for the purpose of a contact with her son." In an order dated April 19, 2011, the court rejected Nicholson's Rule 52 motion for findings and conclusions as untimely, *see* M.R. Civ. P. 52 (Tower 2011),[1] but granted her Rule 59 motion for amendment of the judgment "in part . . . on the issue of travel costs." The court then amended the March 2011 order to provide:

> [The child's] reasonable travel expenses for the travel back and forth between Maine and North Carolina, if paid and documented by the defendant in writing by receipts from the payees, shall be reflected as

---

[1] Rule 52 has since been amended to change the time within which a motion for findings of fact and conclusions of law must be filed. *See* Amendments to Maine Rules of Civil Procedure, 2014 Me. Rules 05 (effective September 1, 2014).

a 50% credit against the defendant's [Nicholson's] child support obligation.[2]

Neither the original March 2011 order nor the April 2011 amended order stated that Nicholson would be entitled to offset any portion of her own travel expenses, either past or future, against her child support obligation.

[¶4]  More than two years later, on July 10, 2013, Nicholson filed a motion that she titled "Motion to Enforce and Clarify Court Order."[3]  In the motion, she noted that in her March 2011 motion she raised the issue of obtaining credit for her own travel expenses and that the court's April 2011 order granted her motion "in part . . . on the issue of travel costs."  Nicholson then alleged that the Department of Health and Human Services refused to acknowledge that the April 2011 order entitled her to a credit against her child support obligation based on the amount of her own travel expenses.[4]  She requested that the court amend the April 2011 order so as to require the Department to give her such a credit.

---

[2]  The effect of this allocation of the child's travel expenses was to divide them equally between the parties.

[3]  Nicholson filed the motion two days earlier but then amended it in the pleading filed on July 10, explaining that the original motion incorrectly represented that Tuell did not oppose the relief she sought.

[4]  The Department of Health and Human Services is the agency responsible for enforcing child support obligations.  *See* 19-A M.R.S. § 2103 (2013).

4

[¶5]  In December 2013,[5] the court (*Ende, J.*) denied Nicholson's July 2013 motion, finding that it was "baseless in fact and without legal merit."  The court adopted the analysis set out in its July 2013 order, *see supra* n.3, in which the court characterized Nicholson's motion as "frivolous" and held that there is "no reasonable interpretation of the plain language of the April 19, 2011 Order which entitles her to such relief."  The court also granted Tuell's motion for sanctions, awarding him the attorney fees he had incurred in opposing Nicholson's motion.

[¶6]  Ultimately, after a series of additional filings by the parties, the court awarded Tuell attorney fees of $1,240.  Nicholson filed a timely appeal and argues here that the court erred when it denied her July 2013 motion and awarded Tuell attorney fees as a sanction.  On this appeal, Tuell separately seeks an award of treble costs and reasonable expenses, including additional attorney fees, pursuant to M.R. App. P. 13(f), as a sanction for Nicholson's appeal.

## II.  DISCUSSION

[¶7]  "We review a trial court's grant or denial of a motion seeking clarification and amendment of a judgment for an abuse of discretion." *Theberge v. Theberge*, 2010 ME 132, ¶ 21, 9 A.3d 809.  Nicholson contends that the court's

---

[5]  In late July 2013, the court (*Billings, J.*) issued an order denying Nicholson's motion and awarding Tuell attorney fees as a sanction, but that order was later vacated due to Nicholson's uncontested assertion that she was not properly served with Tuell's opposition and request for sanctions.

April 2011 order was ambiguous and that therefore the court erred in denying her motion to clarify the child support credit she was entitled to receive. A judgment is subject to clarification when "it is not sufficiently clear and definite so that it is susceptible of enforcement or when those called upon to understand or obey it would be misled." *Id.* (quoting *Medeika v. Watts*, 2008 ME 163, ¶ 7, 957 A.2d 980) (quotation marks omitted).

[¶8] The trial court acted well within its discretion when it denied Nicholson's motion and concluded that the April 2011 order clearly defined the child support credit that Nicholson would receive for travel expenses arising from contact with her child. That order unambiguously identified *the child's* travel expenses, not Nicholson's own expenses, as the eligible expenses to offset the amount of child support that she otherwise was required to pay. Although Nicholson did suggest in her March 2011 motion that she should receive a credit for her own travel, nothing in the resulting order can even arguably be construed to allow such a credit.

[¶9] Nicholson contends that the court's April 2011 order is rendered ambiguous by its notation that her motion was granted "in part . . . on the issue of travel costs." However, both on its own terms and when considered in the context of Nicholson's motion, the order clearly changed only the calculation of the credit based on the child's travel expenses and did not provide credit based on

6

Nicholson's separate travel expenses. Thus, the court did not abuse its discretion when it concluded that its order was not misleading and could be enforced without further clarification. *See Theberge*, 2010 ME 132, ¶ 21, 9 A.3d 809.

[¶10] Nicholson also argues that the trial court erred in awarding Tuell attorney fees as a sanction pursuant to M.R. Civ. P. 11. We review the trial court's imposition of sanctions for an abuse of discretion. *See Fraser Emps. Fed. Credit Union v. Labbe*, 1998 ME 71, ¶ 8, 708 A.2d 1027. A court may choose to award Rule 11 sanctions if there is "no reasonable basis" for a position taken by a party in a motion. M.R. Civ. P. 7(b)(6).

[¶11] Not only was the April 2011 order clear and unambiguous, *see infra* ¶¶ 8-9, but Nicholson also did not even contend in her motion that it was ambiguous. In fact, the only reference to clarification was in the title of the motion. In the text of the motion, Nicholson merely complained that the Department of Health and Human Services "refuses to acknowledge" that it is required to allow her to deduct her own travel expenses from her child support obligation. The only relief sought by Nicholson was, in effect, a court order requiring the Department to comply with what she wanted the court's April 2011 order to say, rather than what its clear language actually provided. Under these circumstances, particularly when Nicholson did not file the motion for more than two years after issuance of the allegedly ambiguous order, the court did not abuse

its discretion in concluding that the motion was frivolous and imposing sanctions. *See Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 10, 708 A.2d 651.

[¶12]  Further, the court did not abuse its discretion in determining the amount of attorney fees to be awarded to Tuell, which was based on an affidavit filed by Tuell's attorney and consisted of the "fees incurred as a result of the improper . . . motion[]" filed by Nicholson.  *See Estate of Dineen*, 1998 ME 268, ¶ 13, 721 A.2d 185; *see also Reeves v. Travelers Ins. Cos.*, 421 A.2d 47, 50 (Me. 1980) ("An appellate court will not lightly overrule a trial court's judgmental choice of an appropriate sanction . . . .").  Although Nicholson argues, among other things, that the court erred by failing to consider the parties' relative abilities to bear legal expenses in this action, the purpose of the court order was to sanction Nicholson for improper court filings pursuant to M.R. Civ. P. 11, not to allocate such expenses based on which party is better able to assume the costs of litigation. *See Miele v. Miele*, 2003 ME 113, ¶ 15, 832 A.2d 760.

[¶13]  Finally, Tuell seeks an award of treble costs and reasonable expenses to sanction Nicholson for this appeal. *See* M.R. App. P. 13(f).  Tuell's motion is not without merit. *See Fraser Emps. Fed. Credit Union*, 1998 ME 71, ¶ 10, 708 A.2d 1027.  Nonetheless, as a discretionary matter, we deny the motion, recognizing that the pendency of this appeal has not delayed implementation of a

court order, *see id.*, and that Tuell will realize some measure of relief through the trial court's award of attorney fees.

The entry is:

> Judgment affirmed. Motion for sanctions denied.

---

**On the briefs:**

Robert C. Andrews, Esq., Portland, for appellant Janice Nicholson

William M. Avantaggio, Esq., Damariscotta, for appellee Anthony J. Tuell

Wiscasset District Court docket number FM-2005-90
FOR CLERK REFERENCE ONLY