### John F. LUHR, III

v.

### Heidi BICKFORD.

Supreme Judicial Court of Maine.

Argued March 28, 1995.

Decided July 19, 1995.

Kristin A. Gustafson (orally), Law Offices of Kristin A. Gustafson, Augusta, for plaintiff.

William S. Harwood (orally), William J. Ryan, Jr., Verrill & Dana, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

The Superior Court (Kennebec County, *Chandler, J.*) granted a motion pursuant to M.R.Civ.P. 72(c) [1] to report this case for our determination of a question of law involved in an interlocutory ruling. The reported question of law involves unspecified "questions of law surrounding [an] order" of the Superior Court concluding that the decision of a District Court Judge to recuse himself pursuant to Canon 3E(1) of the Code of Judicial Conduct is not appealable. *See* Maine Code of Jud. Conduct Canon 3E(1). Because the report was improvidently granted, we discharge the report.

The reported question arose out of consolidated cases. The first complaint, a petition for child protection and a request for a preliminary child protection order, was filed by Heidi Bickford and her parents on behalf of Bickford's son, K.B. In its final child protec-

---

1. The rule states:

 If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

 M.R.Civ.P. 72(c).

tion order filed on January 8, 1992, the District Court (Augusta, *Perry, J.*) awarded Bickford custody of K.B., concluding that K.B. would be in jeopardy if placed in the custody of his father, John Luhr, and that Luhr should have no visitation until meeting several conditions. The court ordered further hearings in the case for April 6, 1993, fifteen months in the future.

Thereafter, Luhr filed a complaint for determination of parental rights and responsibilities pursuant to 19 M.R.S.A. § 214 (Supp. 1994), and a motion to consolidate the two cases. The motion was granted. After a third pretrial conference regarding the consolidated cases, the trial judge recused himself, citing Canon 3E(1) of the Code of Judicial Conduct and stating that "my reason for recusal relates to a personal bias to sit as a fair and impartial trier of fact." In denying a motion for hearing on the recusal, the judge ruled that "[s]uch recusal is entirely discretionary with the court, undertaken on its own initiative and is not subject to review nor is it the appropriate subject of a hearing."

Bickford appealed the judge's recusal order to the Superior Court. The court dismissed the appeal, ruling that "[w]hether a judge[']s decision to recuse can be appealed is an open question. In any event, it is clearly not a final judgment and therefore not appealable at this time." Bickford filed a motion to alter the judgment and modify the record pursuant to M.R.Civ.P. 59(e), arguing that the appeal involved the collateral order exception to the final judgment rule. In response, the Superior Court dismissed the appeal on a different ground:

> The court has reconsidered its 7/26/94 order. The court now determines that the decision of a judge to recuse himself under the provisions of Canon 3(E)(1) requires no statement of the grounds and is therefore non-appealable. The appeal is therefore [dismissed].

Bickford then filed a motion to report the case. That motion was granted.

 A report pursuant to Rule 72(c) is an exception to the final judgment rule and should be used sparingly. *See State v. Placzek,* 380 A.2d 1010, 1013 (Me.1977). Long

ago, we warned that excessive use of reports "would transform the Law Court into an advisory board for the direction of the business of the court at nisi prius, a function the Law Court cannot assume." *Fidelity & Casualty Co. v. Bodwell Granite Co.,* 102 Me. 148, 152, 66 A. 314, 316 (1906).

Recognizing this danger, we ruled in *Placzek* that the standard imposed by *Hand v. Nickerson,* 148 Me. 465, 469, 95 A.2d 813, 816 (1953) (questions of law must be of "sufficient importance *or* doubt" to justify its report), should be modified to a standard of "importance *and* doubt" for any case reported under M.R.Crim.P. 37A(a). In *Toussaint v. Perreault,* 388 A.2d 918, 920 (Me.1978), we applied the "importance and doubt" standard in our discharge of a case reported under M.R.Civ.P. 72(c).

The question of law involved in this report is not doubtful. The Code of Judicial Conduct speaks to the issue clearly:

> "A judge *shall* disqualify himself or herself on the judge's own initiative in any proceeding in which the judge has reason to believe that he or she could not act with complete impartiality. A judge acting under this subsection (1) *need not state the grounds of disqualification.*"

Maine Code of Jud. Conduct Canon 3(E) (emphasis added). Bickford tries to create doubt where there is none.

The entry is:

Report discharged. Remanded to the Superior Court for remand to the District Court for further proceedings.

All concurring.