2000 ME 204

**In re MICHAEL M.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 26, 2000.
Decided Nov. 27, 2000.

Michael E. Carpenter, Esq., Houlton, for appellants.

Brian E. Swales, Esq., Thomas W. Wells, Esq., Houlton, for appellees.

Richard C. Cleary, Esq., Houlton, Guardian ad Litem.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Terri R., the mother of Michael M., and her husband, Curt R., appeal from the order entered in the Probate Court (Aroostook County, *Dunleavy, J.*) granting the motion of Matthew M., the father of Michael M., to recuse the presiding judge. The recusal motion was granted after the entry of a final judgment terminating Matthew's parental rights. We vacate the order of recusal.

## I. PROCEEDINGS

[¶ 2] Terri and Curt filed a petition in the Probate Court to terminate Matthew's parental rights at the same time they filed a petition for the adoption of Michael. *See* 18–A M.R.S.A. § 9–204(a) (1998).[1] They

---

1. Section 9–204(a) provides: "A petition for termination of parental rights may be brought in Probate Court in which an adoption petition is properly filed as part of that adoption petition except when a child protection proceeding is pending or is subject to review by the District Court."

Termination proceedings in Probate Court are subject to the requirements of 22 M.R.S.A. §§ 4050–4058 (1992 & Supp.1999). *See* 18–A M.R.S.A. § 9–204(b) (Supp.1999).

alleged that Matthew abandoned Michael and that Matthew was unable or unwilling to protect Michael from jeopardy. Matthew entered an appearance through his attorney, and a guardian ad litem was appointed for Michael. A trial was held on October 20, 1999, at which all parties appeared with their respective attorneys as did the guardian ad litem who filed a report. The attorneys subsequently filed briefs, and it appears from the court file that the evidentiary record was held open to allow Matthew to introduce additional documents. By letter dated February 14, 2000, Matthew's attorney informed the court that no additional documents would be introduced.

[¶ 3] On March 22, 2000, counsel for Terri and Curt submitted a proposed termination order to the court, which the judge signed the next day, thereby terminating Matthew's parental rights in Michael. The order recites that Matthew abandoned Michael; that he "failed to show a willingness or ability to take responsibility for Michael ... within a period of time reasonably calculated to the meet the child's needs"; and that Michael's best interests are served by the termination of Matthew's parental rights. In spite of the requirement of M.R. Civ. P. 52(a),[2] the court issued no other findings.

[¶ 4] Matthew filed a timely motion for findings of fact and conclusions of law on March 30, 2000. The motion is endorsed with "Motion Granted," signed and dated by the judge. Matthew also filed a motion for recusal of the judge, which is dated the same day as his motion for findings of fact, but was not filed until April 3, 2000.

[¶ 5] Matthew's recusal motion states that neither party complied with a request of the court to file proposed findings of fact,[3] and that the court terminated Matthew's parental rights without the benefit of proposed findings and without making findings of fact. The motion states that recusal of the trial judge is required because the lack of findings of fact "reasonably bring[s] into question the judge's impartiality." The motion cites Canon 3(E)(2) of the Maine Code of Judicial Conduct.[4] The same day the recusal motion was received by the court, April 3, 2000, the judge signed an order stating that the motion was granted. On April 25, 2000, the court signed a form entitled "Statement of Recusal and Order of Transfer." The crucial statement added to that form document reads as follows: "I so disqualify myself pursuant to Canon 3(E)(2) of said Code and the granting by me of Respondent's Motion to Recuse dated March 29, 2000." The court ordered the case transferred to the Penobscot County Probate Court.

[¶ 6] Terri and Curt filed a notice of appeal on May 2, 2000. The case was transferred to the Penobscot County Probate Court.

## II. APPEALABILITY AND STANDARD OF REVIEW

[¶ 7] Terri and Curt filed a timely appeal from the recusal order. The recusal order

---

**2.** M.R. Prob. P. 52 states that M.R. Civ. P. 52 governs procedure in all civil proceedings in probate courts. M.R. Civ. P. 52(a) states, in relevant part: "[I]n every action for termination of parental rights, the court shall make findings of fact and state its conclusion of law thereon whether or not requested by a party."

**3.** Neither the court file nor docket entries indicate that an order or request to the attorneys to file proposed findings was made. A few days after Matthew filed his motion for findings, Terri and Curt filed proposed findings.

**4.** Canon 3(E) provides in relevant part:

(2) A judge may disqualify himself or herself on the judge's own initiative without stating the grounds of disqualification, and shall disqualify himself or herself on a motion for recusal made by a party, in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer ....

has had the effect of substantially delaying further proceedings in this matter. Although there is a final judgment in the case, the filing of the motion for findings of fact stays the time period in which an appeal can be taken. *See* M.R. Prob. P. 73; M.R. Civ. P. 73(a). The recusal order keeps the trial judge from fulfilling his duty to make findings of fact.

■ [¶ 8] Even though recusal orders may not come within the strict classifications of interlocutory orders which are immediately reviewable, we conclude that because there is a final judgment in this termination of parental rights case, we will allow an immediate appeal of the recusal order.[5]

■ [¶ 9] Because the trial court's decision to recuse is within its sound discretion, we review the decision on a motion to recuse for abuse of discretion. *See Estate of Dineen,* 1998 ME 268, ¶ 8, 721 A.2d 185, 188; *Brendla v. Acheson,* 554 A.2d 798, 799 (Me.1989).

### III. DISCUSSION

■ [¶ 10] It is obvious that the order of disqualification was issued solely in response to Matthew's motion to recuse. The recusal motion was made six months after the trial, and on the very day that the motion was filed, it was granted by the judge. Canon 3(E) does not require a judge to state the basis for disqualification. In this case, however, the disqualification order itself recites that the reason for the disqualification is the motion. Additionally, the timing of the motion and order indicate that the only basis for the disqualification order was the motion requesting it. The order was issued after trial and judgment, and immediately after the recusal motion. It is highly doubtful that the judge coincidentally discovered, six months after trial, information, other than the filing of the motion, that required his disqualification. Thus, the inescapable conclusion is that the sole basis for the disqualification is the one given in the motion.

[¶ 11] Having concluded that the only reason for the recusal is that stated in the recusal motion, we next examine the grounds set forth in the motion. The motion claims that the judge's impartiality has been brought into question because the judge failed to make findings of fact and because he made a decision without benefit of proposed findings. These allegations provide no rationale whatsoever for the disqualification of a judge. We have previously noted that opinions formed by a judge based on events in the judicial proceeding at issue do not constitute a basis for recusal except in extraordinary circumstances. *See Estate of Dineen,* 1998 ME 268, ¶ 9, 721 A.2d at 188. Matthew's motion for recusal recites no facts other than events that occurred in the litigation *sub judice*.

[¶ 12] A judge's impartiality cannot reasonably be questioned simply because the judge has failed to issue required findings of fact. It is true that a judge's failure to issue findings of fact in a parental rights termination case is serious and can lead to the vacating of the termination order. *See In re Kenneth H.,* 1997 ME 48, ¶ 5, 690 A.2d 984, 985. Nonetheless, it is a failure that can be readily corrected when respon-

5. The case of *Luhr v. Bickford,* 661 A.2d 1141 (Me.1995) does not require us to hold that disqualification orders are nonappealable. In that case we discharged a report from the Superior Court which had determined that an appeal from a disqualification order of the District Court was unreviewable. We do not read *Luhr* as standing for the proposition that recusal orders are nonreviewable. Because the report was discharged, the case has little precedential value on the merits. Furthermore, the facts of that case make it clearly distinguishable from this one. In *Luhr* the District Court judge, who recused himself following a pretrial conference, stated that his recusal order was issued on his own initiative and his reason related to his personal bias. *Id.* at 1142. When a judge disqualifies himself or herself *sua sponte,* before trial and judgment, because of a personal bias, it is highly doubtful that such order could ever be an abuse of discretion. In this case, however, the recusal was at the behest of a party and not because of a personal bias of the judge.

sible counsel call it to the judge's attention by way of an appropriate and timely motion. Indeed, in this case, Matthew's counsel called the failure to the court's attention. By endorsing that very motion with the words "Motion Granted," the court indicated that it would be filing the required findings. Furthermore, a judge's impartiality cannot reasonably be questioned on the basis that counsel have not heeded the judge's request to file proposed findings.

■ [¶ 13] The timing of Matthew's recusal motion raises the concern that his purpose was to collaterally attack the judgment and that he did not hold a genuine belief that the judge's impartiality could be questioned. Matthew waited until the judgment was issued against him before coming forward with his recusal motion, even though one of the grounds stated in his motion, that the parties had failed to submit proposed findings as requested by the judge, was known to him before the termination order was issued.

> A party who has a reasonable basis for moving to disqualify a judge may not delay in the hope of first obtaining a favorable ruling and then complain only if the result is unfavorable. Not only is such a tactic unfair, but it may evidence a belief that the judge is not in fact biased.

*Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 767 P.2d 538, 542 (Utah 1988). The court in *Madsen*, in vacating a recusal order entered after trial but before the judge issued findings of fact, stated that when the recusal is made at an advanced stage of the litigation process, "the basis for disqualification should be thoroughly examined." *Id.* at 544 n. 5.

■ [¶ 14] A judge should not recuse himself or herself "merely because a completely unfounded claim of prejudice [is] lodged against him by a defendant." *State v. Aubut*, 261 A.2d 48, 50 (Me.1970). We recognize the sensitivity with which a motion for recusal must be treated by a judge. Judges must ascertain whether they, in fact, come within any of the categories requiring disqualification in the Code of Judicial Conduct and whether there is any other basis upon which their impartiality may *reasonably* be questioned. *See* Maine Code of Jud. Conduct, Canon 3(E)(2)(a)-(c). At the same time judges must not allow litigants to utilize the process of a recusal motion to delay or thwart the judicial proceedings where there is no reasonable basis for the motion and it is obvious on its face that it was intended to halt or delay the litigation. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988).

[¶ 15] Although the granting or denying of a motion to recuse is within the discretion of the court, a judge who disqualifies himself or herself, after trial and judgment, for no reason other than an unfounded and meritless claim of partiality, has abused the judge's discretion. Considering all of the circumstances in this case, we conclude that the court abused its discretion by granting the motion to recuse. We vacate the recusal order and the transfer order contained within it, and we remand the matter to the Probate Court, from which it originated, for the judge to issue the required findings of fact as quickly as possible.

The entry is:

Order of recusal and transfer vacated. Case remanded to the Probate Court for further proceedings consistent with this opinion.