STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO: CV-05-465

MARK HIDER,

              Plaintiff

       v.                          *                    **ORDER**

CITY OF PORTLAND,
MICHAEL CHITWOOD,
BETHANNE PLIQUIN,

              Defendants


       This case comes before the Court on Defendants Portland Chief of Police

Michael Chitwood, City Attorney BethAnne Poliquin, and the City of Portland's

Motion to Dismiss Plaintiff Mark Hider's Complaint pursuant to M.R. Civ. P.

12(b)(6).

## FACTUAL BACKGROUND

       In 1993, Plaintiff Mark Hider was convicted of trafficking marijuana.[1] On

appeal, Mr. Hider argued that he was improperly charged, the search warrant

was based on illegally obtained evidence and was illegally executed, the

evidence was insufficient to obtain a conviction, and the trial court erred in

instructing the jury. Although the Law Court rejected most of Mr. Hider's

contentions, it vacated the judgment on the sole grounds that the trial court

improperly instructed the jury on the statutory presumption. *State v. Hider*, 649

A.2d 14 (Me. 1994). Also in 1993, the Law Court affirmed a judgment in favor of

the Police Chief on a claim that he abused his discretion in denying Mr. Hider a

permit to carry a concealed weapon. *Hider v. Chief of Police, City of Portland*, 628

---

[1] A number of firearms were also found when he was arrested and were confiscated.

A.2d 158 (Me. 1993).[2] Ultimately, Mr. Hider was convicted of aggravated

trafficking at a second trial in 1996. On appeal, the Law Court affirmed the

verdict. *State v. Hider*, 1998 ME 203, ¶ 1, 715 A.2d 942, 944. After Mr. Hider's

conviction in the first trial but before sentencing, the State, pursuant to 15

M.R.S.A § 582 1(3) (Supp. 1997), petitioned the District Court for the civil

forfeiture of multiple guns and weapons that police had seized from Mr. Hider

during the execution of the search warrant. The District Court granted the State's

petition and the Law Court affirmed the Superior Court's denial of Mr. Hider's

appeal of the civil forfeiture. *State v. Hider*, 1998 ME 203, ¶ 3, n5, 715 A.2d 942,

945.

In this case, Mr. Hider has a list of complaints similar to those that he

brought up before the Law Court in 1994 and 1998.[3] The only difference in this

case is that in September 2003, Mr. Hider requested an internal affairs review by

the Portland Police Departments' Police Citizen Review Subcommittee of certain

actions taken in his case in order to ultimately overturn his conviction. Mr.

Hider complains that Chitwood interfered with the internal investigation that

concluded that no procedures had been violated.[4]

---

[2] Chitwood denied the issuance of the permit after a determination that Hider did not have good moral character.

[3] First, Mr. Hider complains that the arresting officers violated his Fourth Amendment rights by failing to "knock and announce" their presence, using excessive force, and illegally seizing lawfully owned weapons. Second, he complains that an arresting officer lied, and/or was coached to lie by BethAnne Poliquin, attorney for the Chief of Police, at his second trial. In the 1993 trial, Officer Bartlet testified that the search warrant listed the occupants of 70 Cobb Avenue, the location of Hider's arrest, as "Unknown." However, the testimony of Officer Shaughnessy in the 1996 trial was that Hider was "Known" at the time of the issuance of the warrant. Third, he complains that Chitwood's bias against him resulted in an elevation of the charges against him and an illegal seizure and destruction of his weapons during the appeal process.

[4] Mr. Hider complains that the police trespassed on his property, entered the property without knocking, and used excessive force by arresting him at gunpoint. Mr. Hider argued these same

In 2004, Mr. Hider brought suit against Defendants in Federal District Court regarding Chitwood's interference with the internal affairs review.[5] The District Court dismissed Mr. Hider's claim holding that Mr. Hider did not have a constitutional or statutory right to be infringed upon by the internal review process and therefore could not bring a claim on a procedural or substantive due process theory. *Hider v. City of Portland, et al,* 2004 U.S. Dist. LEXIS 10601 (D. Me. June 10, 2004); see *R.I. Broth. Correctional Officers v. Rhode Island,* 357 F.3d 42, 49 (1st Cir. 2004). That court also noted that:

> If [Hider] attempted to connect the internal review procedure with alleged violations of Hider's rights identified in the remaining counts, as a general rule Hider could not pursue 42 U.S.C. § 1983 relief without first demonstrating that his state court conviction had been reversed, expunged, or otherwise declared invalid in a habeas proceeding.

*Hider v. City of Portland,* 2004 U.S. Dist. LEXIS 10601, n1 (D. Me. June 10, 2004). The federal court declined jurisdiction on the State court claims.

In the present case, Mr. Hider's six-count Complaint asserts claims against Defendants for violation of his rights under the Second, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and seeks damages under 42 U.S.C. § 1983 (Count I). The Complaint asserts claims for perjury pursuant to 14 M.R.S.A. § 870 (Count II);[6] conspiracy to commit perjury pursuant

---

points in a motion to suppress. The Law Court affirmed the Superior Court's denial of that motion.

He also complains that the arresting officers were coaxed by Attorney BethAnne Poliquin to perjure themselves at Mr. Hider's second trial.

[5] Mr. Hider's federal court complaint identified procedures for the city's Police Citizen Review Subcommittee and stated that Chitwood did not comply with them.

[6] Mr. Hider also cites the Maine Civil Rights Act, 5 M.R.S.A. § 4682 in Count II, however he does not explain the relief he seeks pursuant to this statute.

to 17-A M.R.S.A. § 454 (Count III); destruction of evidence and vindictive prosecution (Count IV); and intentional infliction of emotional distress (Count V).

## DISCUSSION

a.    <u>1983</u>

In this 1983 action, Mr. Hider argues that the Portland Police Chief interfered with the internal investigation he requested, in violation of Mr. Hider's Constitutional rights under the Second, Fourth, Eighth, and Fourteenth Amendments. In order to state a claim under Section 1983, a plaintiff must allege 1) the violation of a right protected by the Constitution or the laws of the United States, and 2) that the perpetrator of the violation was acting under the color of state law. *City of Old Town v. Dimoulas*, 2002 ME 133, ¶ 23, 803 A.2d 1018, 1024-25. The Court agrees with the District Court of Maine in that an internal investigation of a police department does not bestow Constitutional rights on Mr. Hider. Those who are afforded Constitutional protections are police officers and police employees under review by the Citizen Review Subcommittee. Furthermore, because Mr. Hider has not demonstrated that his conviction has been reversed, expunged, or otherwise declared invalid in a habeas proceeding, he cannot seek relief under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[7]; see *Hider v. City of Portland*, 2004 U.S. Dist. LEXIS 10601, n1 (D. Me.

---

[7]"In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C.S. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.S. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C.S. § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

June 10, 2004). The Law Court unequivocally affirmed Mr. Hider's conviction in *Hider II*.[8] Any attempt by Mr. Hider to overturn his conviction via the civil process is futile.

b.     Purjury and Civil Conspiracy to Commit Perjury

Mr. Hider claims that Officer Shaughnessy committing perjury in Mr. Hider's 1993 trial by neglecting to inform the court that he had an active role in drafting the warrant along with Officer Barlett. However, in the segment of the transcript provided by Mr. Hider, Officer Shaughnessy was not asked about the details of the warrant.[9] According to the testimony of Officer Bartlett, Officer Shaughnessy assisted him in drafted the warrant affidavit, which indicated that the occupant was "unknown."

In the 1996 trial, Officer Shaughnessy testified that he knew that Mr. Hider had a large amount of weapons when he was preparing the warrant affidavit with Officer Barlett. Because of this knowledge, Officer Shaughnessy also testified that he used a special reaction team to make the entry into Mr. Hider's studio.

Mr. Hider argues that Officer Shaughnessy's 1996 testimony is inconsistent with his 1993 testimony and the testimony of Officer Bartlett. He also argues that his 1996 testimony is inconsistent with the State of Maine, in a request for admissions, in which Maine denied that the special reaction team was informed that it was to go to 70 Cobb Avenue to take Mr. Hider into custody.

---

would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[8] Because Mr. Hider did not file a motion for a new trial within two years of the judgment, the conviction is valid. M.R. Crim. P. 33.

[9] The Court no longer has the file from the 1993 trial.

Although there may have been inconsistencies in the testimony of Officer Bartlett and Officer Shaughnessy, those inconsistencies cannot be the basis of Mr. Hider's claim of perjury by Officer Shaughnessy. Further, the fact that Officer Shaughnessy was not asked, and did not testify about whether he knew that Mr. Hider was the occupant of 70 Cobb Avenue, or whether he knew that Mr. Hider had many weapons, does not equate his 1993 testimony, which mentions nothing about either of those things, with perjury. Similarly, an inconsistency between Officer Shaughnessy's testimony and a request for admissions from the State of Maine does not amount to perjury.[10]

Even if Mr. Hider had a valid claim of perjury, it is barred by the statute of limitations. 14 M.R.S.A. § 870. Section 870 states that an injured party may bring an action against the adverse party due to the perjury of a witness within three years after judgment or final disposition. Mr. Hider's second trial occurred more than three years ago. As such, Mr. Hider's claim for civil conspiracy also fails. *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 8, 708 A.2d 283, 286 (Me. 1998) (absent the actual commission of some independently recognized tort, a claim for civil liability for conspiracy fails).

c.     Destruction of Evidence and Vindiction Prosecution

Mr. Hider's claim that Chitwood illegally destroyed his firearms is also unfounded. After his first trial, the State petitioned the United States District Court for the civil forfeiture of the weapons. The petition was granted and the Law Court affirmed the Superior Court's denial of Hider's appeal. The firearms were not illegally destroyed.

---

[10] A requisite element of perjury is that the misleading statement be made by a witness at trial. *Kraul v. Maine Bonding & Casualty Co.*, 672 A.2d 1107, 1109 (Me. 1996). As such, statements made in a request for admissions cannot be considered.

Mr. Hider's claim for malicious prosecution also fails. To prevail in a malicious prosecution action, a plaintiff must prove, by a preponderance of the evidence, that: 1) the defendant initiated, procured or continued a criminal action without probable cause; (2) the defendant acted with malice; and (3) the plaintiff received a favorable termination of the proceedings. *Trask v. Devlin*, 2002 ME 10, ¶ 11, *788* A.2d 179, 182 (Me. 2002). Again, Mr. Hider's conviction is valid.

d.    Intentional Infliction of Emotional Distress

Finally, Mr. Hider's claim for intentional infliction of emotional distress caused by the destruction of his weapons, his arrest and conviction also fails. While the Court understands that these actions can cause emotional distress, they were lawful actions put into motion by Mr. Hider's own unlawful activity.

The entry is as follows:

Defendants' Motion to Dismiss is **GRANTED**.

DATE: _February 8, 2006_

Roland A. Cole
Justice, Superior Court

MARK HIDER
76 WATSON STREET
PORTLAND ME 04103

MARK DUNLAP ESQ
PO BOX 4600
PORTLAND ME 04112

STATE OF MAINE
CUMBERLAND, ss.

CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-05-465

2005 MAR 16  P 2: 22

MARK HIDER,

    Plaintiff

    v.

CITY OF PORTLAND,
MICHAEL CHITWOOD,
BETHANNE PLIQUIN,

    Defendants

**ORDER ON MOTION
TO RECUSE**

    This case comes before the Court on Plaintiff Mark Hider's Motion to Recuse. In support of his motion, Mr. Hider argues that this Court's remarks throughout the proceedings question this Court's impartiality.[1] Mr. Hider broadly claims that this Court displayed "impatience, disregard for the defense and animosity toward Mr. Hider" by advising Mr. Hider on what is to be included in an opening statement; limiting defense counsel's cross-examination and questioning of witnesses; and cautioning defense counsel to confine his questions to issues material to trial.

    Because the trial court's decision to recuse is within its sound discretion, it is reviewed on appeal for abuse of discretion. *In re Michael M.*, 2000 ME 204, ¶ 9, 761 A.2d 865 867. A completely unfounded claim of prejudice lodged against a judge by a defendant is not grounds for recusal. State v. Aubut, 261 A.2d 48, 50 (Me. 1970). "Judges must ascertain whether they, in fact, come within any of the

---

[1] Mr. Hider does not refer to specific dates when these alleged actions occurred. Because this Court presided over Hider's criminal matter in 1993 and 1996, and this 2005 civil matter, the Court will infer that the alleged actions occurred during these times.

categories requiring disqualification in the Code of Judicial Conduct and whether there is any other basis upon which their impartiality may *reasonably* be questioned. See Maine Code of Jud. Conduct, Canon 3(E) (2) (a)-(c)." *Id.,* ¶ 14, 868. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id.*

In this case, the only pertinent ground for recusal under Cannon 3(E) (2) is that this Court has a personal bias or prejudice against Mr. Hider. However, advising Mr. Hider and his counsel on the Maine Rules of Civil Procedure and Evidence at trial do not amount to bias or prejudice against Mr. Hider. Rather, it is the Court's responsibility that hearings and trials adhere to the Rules of Civil Procedure and Evidence. This is true for both litigants represented by counsel and pro se litigants. Cautioning a pro se litigant as to the appropriate content of an opening statement and ordering an attorney to ask relevant questions does not amount to bias or prejudice. This Court has reviewed Mr. Hider's claim fairly and has not made a decision based on bias or prejudice.

The entry is:

Plaintiff Mark S. Hider's Motion to Recuse is DENIED.

DATE: _March 16, 2006_

Roland A. Cole
Justice, Superior Court

MARK HIDER
76 WATSON STREET
PORTLAND ME 04103

MARK DUNLAP ESQ
PO BOX 4600
PORTLAND ME 04112