STATE OF MAINE                SUPERIOR COURT
CUMBERLAND, ss.            DOCKET NO. CV-12-499
                                     DOCKET NO. CV-12-351
                                     JAW - CUM - 1/2/2013

DONALD P. PENTA,

      Plaintiff

v.                                  **ORDER**

LOWELL LANE LLC,

      Defendants.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 02 2013

RECEIVED

The court has before it defendant's motion for recusal filed on December 21, 2012 in Docket Nos. CV-12-499 and CV-12-351. Because a hearing is scheduled for this Monday, January 7, 2013 on plaintiff's motion for preliminary injunction in CV-12-499, the court decides this recusal motion without waiting for a response from plaintiff.

Here, the defendant alleges the following: (1) the court rescinded a 45-day extension "after we had already had a motion ruled on and granted by a different judge"; (2) because "we . . . have previously been investigated by the Attorney General's office . . . Justice Wheeler recused herself from a case currently involving Attorney Dan Lilley . . . [and there] were bias charges involving a law clerk who is married to an Assistant Attorney General Prosecutor in Attorney Lilley's case"; (3) there were documents in the case involving Lowell Land, LLC, which could only have come from the Attorney General's office, and Justice Wheeler expedited this case through the courts; and (4) the Windham Police "have had biased involvement in the Penta/Thomes relationship for years and have always been aware that Ted [Thomes] intended to levy a lawsuit against them (Windham Police Department). The Attorney General's office has paperwork where we (Thomes) indicated this. It is very similar to the case Justice Wheeler

recused herself from. This is the case Mr. Lilley is involved in."

The court rejects the defendant's argument for two reasons. First, with respect to the allegations regarding the Attorney General's Office, Justice Wheeler did not recuse herself from Mr. Lilley's York County case because of her law clerk's relationship to the Assistant Attorney General. Justice Wheeler specifically denied Mr. Lilley's motion to recuse based on her law clerk. Subsequently Justice Wheeler recused herself for reasons separate and apart from those asserted by Mr. Lilley. Thus any of defendant's allegations concerning the Attorney General's Office are without merit.

Second with regard to the 45-day continuance, it was this court that initially granted on November 30, 2012 defendants' request in Docket No. CV-12-351 for a 45-day extension to retain new counsel. Defendants' previous counsel, S. James Levis, Jr., withdrew from representing the defendants on October 22, 2012. Mr. Thomes requested the 45-day extension because Mr. Lilley, who he hoped to retain, told him to ask for the extension and because of the Thomes need to oversee the first season of their bed and breakfast rental business in St. Croix, USVI.

On December 4, 2012, Mr. Penta filed another action in the court against Lowell Land, LLC, whose managing member is Mr. Thomes. Mr. Penta filed with his complaint against Lowell Land, LLC, and *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction. On December 4, 2012, the Court granted Mr. Penta's *ex parte* order for temporary restraining order and scheduled the motion for preliminary injunction for January 7, 2013 at 9:00 a.m. This action against Lowell Land, LLC, is assigned Docket No. CV-12-449.
Plaintiff argues in his ex parte motion for temporary restraining order and preliminary injunction that the two actions in CV-12-351 and CV-12-499 are intimately related. The purpose of action

2

in Docket No. CV-12-499 is to recover from the Thomes money that they wrongfully took from him and then transferred to Land Lowell, LLC, to purchase real estate in St. Croix, U.S. Virgin Islands. In CV-12-351, the Court (Cole, J) granted on August 17, 2012 a motion for attachment against Mr. and Mrs. Thomes. As a result, Mr. Penta attached Mr. Thomes' interest in Land Lowell, LLC. Plaintiff argues that to make such relief meaningful, "it is imperative that Defendant LLC be enjoined from transferring, encumbering or otherwise dealing in any way with the real estate acquired in March 2012 with proceeds of the tortious conduct described in detail in the Complaint and motion papers in CV-2012-351." In scheduling the motion for preliminary injunction on January 7, 2012 in Docket No. CV-12-499, the court was responding to the requirement of M.R.Civ.P. 65(a) that mandates that when a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set for hearing at the earliest possible time. January 7, 2013 was the earliest possible time on the court's calendar. Because of the matters that have transpired in CV-12-499, the Thomes are impacted in CV-12-351 and the delay they requested in that case. However, CV-12-499 is against Lowell Land and not the Thomes.

The Maine Law Court addressed judicial disqualification in *State of Maine v. Murphy*, 2010 ME 140, ¶ 18, 10 A.3d 697, 702. There the Court stated:

> Recusal is discretionary and, as we have observed, judges should avoid recusal in situations when parties engage in actions seeking to cause recusal. A judge should not recuse himself or herself "merely because a completely unfounded claim of prejudice [is] lodged against him by a defendant." *State v. Aubut*, 261 A.2d 48, 50 (Me. 1970). We recognize the sensitivity with which a motion for recusal must be treated by a judge. Judges must ascertain whether they, in fact, come within any of the categories requiring disqualification in the Code of Judicial Conduct and whether there is any other basis upon which their impartiality may reasonably be questioned. *See* Maine Code of Jud. Conduct, Canon 3(E)(2)(a)-(c). At the same time judges must not allow litigants to utilize the process of a recusal motion to delay or thwart the judicial proceedings where there is no reasonable basis for the

3

motion and it is obvious on its face that it was intended to halt or delay the litigation. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

*Id.* (citing *In re Michael M.*, 2000 ME 204, ¶ 14, 761 A.2d 865, 868). Here, a completely unfounded claim of prejudice has been raised by the Thomes, and this court is obligated not to recuse herself.

The entry is:

Defendants' request that J. Wheeler recuses herself is DENIED in both CV-12-499 and CV-12-351.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

DATED: January 2, 2013

_____
Joyce A. Wheeler, Justice

CV-12-351
PA=Gerald Petruccelli Esq
D=Pro Se Theodore W Thomes and Renee Thomes

CV-12-499
PA=Gerlad Petruccelli Esq
D=Theodore W Thomes (Manager Lowell Land LLC)