STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.

STATE OF MAINE
Cumberland ss Clerk's Office

SEP 28 2010    2:11 PM

RECEIVED

BERNADETTE K. YARCHESKI and
THOMAS J. YARCHESKI,

            Petitioners/Appellants

v.                            Docket Nos. PORSC-AP-18-033, 18-034, 18-035

DEPARTMENT OF HEALTH & HUMAN SERVICES,

            Respondent/Appellee

ORDER ON PENDING MOTIONS

These three cases brought by Petitioners Bernadette and Thomas Yarcheski present appeals from administrative agency action pursuant to M.R. Civ. P. 80C. The cases are now before the court in connection with the Respondent Department of Health & Human Services' Motion to Consolidate and to Dismiss Three Petitions and for Sanctions Against Petitioner Thomas J. Yarcheski. Also pending is Petitioners' Motion for Justice Horton to Recuse.

The Petitioners have not filed any opposition to the Respondents' Motion to Dismiss, meaning that they have waived objection. *See* M.R. Civ. P. 7(c)(3). Nonetheless, the court has an independent duty to review the Motion and decide whether dismissal is appropriate.

The Respondent has filed an opposition to the Motion for recusal.

1

The court elects to decide the motions without oral argument. *See* M.R. Civ. P. 7(b)(7), 80C(l) (oral argument to be scheduled "[u]nless the court otherwise directs." *See also Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187, ¶26, 961 A.2d 538 (Rule 80C permits court to direct that oral argument not be scheduled).

Logically, the Motion for recusal needs to be addressed before the Motion to Dismiss is addressed.

1. *The Motion to Recuse*

The standard governing a judge's recusal is set forth in Rule 2.11 of the Maine Code of Judicial Conduct. The Rule requires a judge to recuse in a proceeding when the judge's impartiality might reasonably be questioned, and it enumerates, without limitation, some of the circumstances in which recusal is warranted.

However, the Supreme Judicial Court of Maine has made it clear that a judge is not only obligated to recuse when recusal is called for, but also obligated *not* to recuse when recusal is not called for. *See In re Michael M.*, 2000 ME 204, ¶¶10-15, 761 A.2d 865 (trial court abused its discretion by recusing without adequate reason; order of recusal vacated). This means that a judge cannot take the path of least resistance and recuse simply because a party calls on the judge to recuse. Instead, the judge must examine the asserted grounds for the motion to recuse and decide whether they justify recusal.

The Petitioners' Motion recites five separate grounds for recusal. None of them relates to these cases; all of them relate to three cases previously filed by

Petitioner Thomas Yarcheski. *See Yarcheski v. Department of Health and Human Services*, Me. Super. Ct., Cum. Cty., Docket Nos. PORSC-AP-17-050, -AP-17-051, -AP-18-003 (consolidated). All five grounds appear to rest on claims of judicial bias, which Rule 2.11 specifically designates as a circumstance calling for recusal. *See* Me. Code. Of Jud. Conduct 2.11 (recusal is called for when"[t]he judge has a personal bias or prejudice concerning a party or the party's lawyer").

The first ground alleges that the court wrongfully consolidated the three previous cases. In his three previous case, Petitioner Thomas Yarcheski filed a motion to recuse on the same ground. The motion was denied because the decision to consolidate was appropriate and could not reasonably be viewed as reflecting any bias. That remains the case, so this ground does not justify recusal.

Next, the Motion asserts as the second and third grounds that the court failed to take action in response to two incidents of wrongdoing by the Respondents' attorney—failure to serve a filing and a mischaracterization of the record evidence. However, the Petitioner has not established any wrongdoing by Respondents' attorney that warranted action by the court. These two grounds also do not warrant recusal.

The fourth ground for recusal in Petitioner's Motion asserts that the court has developed "bogus charges to attack" Petitioner Thomas Yarcheski, and specifically that the court has "clearly implied that Petitioner Thomas Yarcheski was guilty of an ex parte communication."

The ex parte communication at issue was in the form of an anonymous email message sent to the undersigned judge's court email address at 5 a.m. May 29, 2018. The message said in essence that an audience of thousands was watching the court's handling of Petitioner Thomas Yarcheski's cases. It also contained an attachment consisting of a Motion for Sanctions that Petitioner Thomas Yarcheski filed around the same time. The message came from an email address that was used several years before to send this judge an anonymous message related to a different case brought by Thomas Yarcheski.

In response, the court issued a Disclosure the same day, notifying the parties of the communication and advising them that the communication was inappropriate and no further communications of the kind were expected. The Disclosure was mandated by Rule 2.9(B) of the Maine Code of Judicial Conduct, which requires a judge who inadvertently receives an unauthorized ex parte communication regarding the substance of a pending case to promptly notify the parties. The court's primary concern was to discourage any further such communications, so the Disclosure did not purport or attempt to identify who sent the communication.

The fact that the anonymous message came from an email address used in connection with a different case involving Petitioner Thomas Yarcheski, and the fact that the message included as an attachment Petitioner Thomas Yarcheski's Motion For Sanctions, taken together do raise an implication that Petitioner Thomas Yarcheski either sent the message himself or was associated in some way with whoever did send it. However, the court did not create that implication—the implication is

4

inherent in the source and content of the message itself. Moreover, as noted above, the court did not—and still does not—see any need to investigate or determine whether Petitioner Thomas Yarcheski in fact sent the message or caused it to be sent. Instead, the court's focus was on deterring any further communications of that kind, and there has been none since.

In any event, the court does not see that its mandatory disclosure of the ex parte communication justifies recusal or could reasonably be viewed as calling the court's impartiality into question.

The fifth ground for Petitioners' Motion to recuse has to do with the court's evaluation of the record evidence. The contention is that the court misconstrued the record evidence regarding whether Petitioner Thomas Yarcheski used proper forms in submitting claims. Whether or not the court's understanding of the evidence was correct, the court's evaluation of the record evidence is not a ground for recusal.

For the foregoing reasons, the court concludes that recusal in these cases would not be appropriate. Given the lack of justification for Petitioners' Motion to recuse, it arguably would be an abuse of discretion for the undersigned judge to recuse. But even assuming recusal were a matter within the court's discretion, the Motion for recusal would be, and hereby is, denied.

Accordingly, the discussion turns to the Respondent's Motion to Consolidate and to Dismiss Three Petitions and for Sanctions.

## 2. *The Respondent's Motion*

The Respondent's Motion seeks consolidation of the three cases and also their dismissal. It also seeks sanctions against Petitioner Thomas Yarcheski.

The Petitioners appear not to object to consolidation, according to a cover letter accompanying their initial filings, docketed July 31, 2018. In any event, consolidation is appropriate under the standards of M.R. Civ. P. 42(a). The Respondent's motion is granted as it relates to consolidation.

As it relates to dismissal, Respondent's motion asserts that all three petitions were filed after the applicable appeal deadline had expired. The applicable statute does require a party to an administrative proceeding to file a Rule 80C appeal within 30 days of the party's receipt of notice of final agency action, *see* 5 M.R.S. § 11002(3). That deadline was plainly not met in these cases.

"Statutory limitations on appeal periods are jurisdictional." *Davric Maine Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, P11, 751 A.2d 1024, 1030. Accordingly, these cases must be dismissed for lack of jurisdiction.

Regarding the Respondent's request for sanctions, it is denied. The request is based largely on Petitioner Thomas Yarcheski's filings in other cases, not his filings in the present cases. The court's Decision in the three previous cases makes clear that the court did not endorse what appeared to be Petitioner Thomas Yarcheski's litigation strategy in those cases, *see* Decision at 8 & n.3 (June 27, 2018), *Yarcheski v. Department of Health and Human Services*, Me. Super. Ct., Cum. Cty., Docket Nos. PORSC-AP-17-050, -AP-17-051, -AP-18-003 (consolidated). However, his conduct

6

of these cases been more restrained and has not included the plethora of motions that he filed in the previous cases. Admittedly, these cases should not have been filed at all because they are clearly untimely, but that is not a sufficient basis for sanctions.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Petitioners' Motion for Justice Horton to Recuse is denied.

2. Respondent's Motion to Consolidate and to Dismiss Three Petitions and for Sanctions Against Petitioner Thomas J. Yarcheski is granted as it relates to consolidation and dismissal and is denied as it relates to sanctions.

3. These cases are hereby consolidated for all purposes.

4. These cases are hereby dismissed for lack of jurisdiction based on the untimely filings of the petitions for review.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated September 28, 2018

_____
A. M. Horton, Justice